**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC JEFFREY COWAN, | No. 18-56681 |
| Petitioner-Appellant, | D.C. No. 3:17-cv-01994-WQH-BLM |
| v. | |
| JOSIE GASTELO, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted August 19, 2019**

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

California state prisoner Eric Jeffrey Cowan appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2254 habeas corpus petition. We have

jurisdiction under 28 U.S.C. § 2253. We review de novo a district court's denial of

a habeas corpus petition, *see Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011),

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and we affirm.

Cowan, who is serving an indeterminate term of life imprisonment under California's Three Strikes law, argues that the state trial court violated the Equal Protection Clause by denying his petition for a recall of sentence under the Three Strikes Reform Act of 2012. The Three Strikes Reform Act of 2012 sets forth the threshold eligibility requirements for resentencing and provides that inmates are ineligible for resentencing where, like Cowan, their commitment offense was a "serious and/or violent" felony. *See* Cal. Penal Code § 1170.126. The state court's conclusion that this classification scheme has a rational basis was neither contrary to, nor based upon an unreasonable application of, clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d)(1); *Heller v. Doe*, 509 U.S. 312, 319-20 (1993) (where a law neither burdens a fundamental right nor targets a suspect class*,* it survives an Equal Protection challenge "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification").

Cowan's claim that the state court denied him due process by failing to conduct a hearing is not cognizable because Cowan failed to raise it before the district court. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).

**AFFIRMED.**